the ends of essential justice will be served by our doing so. In determining whether to accept the findings of the County Court or to make new findings, however, we give the determinative weight to the County Court's findings we have been discussing and will not reverse unless satisfied from our reading of the record the interests of justice require reversal." *Donofrio v. Haag Brothers, Inc.*, 10 *N. J. Super.* 258, 262 (*App. Div.* 1950); *Gagliano v. Botany Worsted Mills*, 13 *N. J. Super.* 1 (*App. Div.* 1951).

The judgment is affirmed.

MARTIN B. O'CONNOR, TRUSTEE IN BANKRUPTCY OF THE AMITY MANUFACTURING CORPORATION, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. THE FIRST BANK AND TRUST COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 5, 1951—Decided March 1, 1951.

282

284

Before Judges FREUND, PROCTOR and ROGERS.

On appeal from a judgment of the Superior Court, Law Division, where Judge Frank L. Cleary filed the following opinion:

"This is a motion for summary judgment by the defendant, the First Bank and Trust Company, a banking corporation of New Jersey. The motion is based upon the pleadings and interrogatories and answers to interrogatories which have been filed in this cause and an affidavit of the defendant in support of the motion.

"Martin B. O'Connor, trustee in bankruptcy of the Amity Manufacturing Corporation, brings this suit against the defendant, the First Bank and Trust Company, to recover judgment against the defendant for the sum of $30,000. The Amity Manufacturing Corporation was adjudicated a bankrupt by order of the United States District Court for the District of New Jersey on October 21, 1948. The plaintiff was appointed trustee in bankruptcy. The complaint alleges that the Amity Manufacturing Corporation borrowed from the Seaboard Commercial Corporation on December 12, 1947, the sum of $30,000.

"A check was made out by Seaboard Commercial Corporation to the order of Amity Manufacturing Corporation in this amount. This check was endorsed as follows: 'Pay to the order of Armand De Mott, Amity Manufacturing Corporation by J. R. Zelenka, President Edward Foster, Authorized Signature.' From the interrogatories it appears that Armand De Mott transferred the shares of stock which he owned in the Amity Manufacturing Corporation as consideration. The check was endorsed by Armand De Mott and deposited in his account with the defendant bank. The defendant bank paid this sum of money into the account of the aforesaid Armand De Mott.

"The trustee in bankruptcy now asks that the defendant bank repay to him as trustee of the Amity Manufacturing Corporation the aforesaid sum of money. At the time of the transaction Armand De Mott was vice-president and secretary and also on the board of directors of the Amity Manufacturing Corporation.

"The defendant bank denies its liability to the trustee and sets up six separate defenses as follows: The first defense states that the plaintiff is estopped from instituting the present action because the stockholders, officers and directors of the Amity Manufacturing Corporation knew of the entire transaction and did nothing about it to the prejudice of the defendant; secondly, the transaction was ratified and confirmed by the Amity Manufacturing Corporation; thirdly, that the defendant is a holder in due course; fourthly, that the defendant acted as an agent for Armand De Mott; fifthly, that the defendant is protected from liability by the Uniform Fiduciaries Law; and sixthly, that the Amity Manufacturing Corporation had no beneficial interest in the check.

"The defendant bank had on file a corporation certificate and resolution which stated as follows:

"'RESOLVED that the funds of this corporation be deposited in the First Bank and Trust Company, Perth Amboy, New Jersey, subject to checks made in the corporate name signed by the President, Vice-President, Secretary, Treasurer, or either or any one of them (strike out officers not designated) who are also authorized to make, collect,

discount, negotiate, endorse, assign and deposit in the corporate name, all checks, drafts, notes and negotiable paper, payable to or by this Corporation, also including non-negotiable papers; and, that all checks and instruments of the Corporation as aforesaid, including checks and instruments drawn to cash, bearer, or to the individual order of the officer, or officers signing or endorsing the same, shall be honored and paid by said bank and charged to our account. Said designated officer or officers are authorized to borrow money or bind this Corporation in any agreement or agreements with said bank. Any Officer, Agent, Employee and representative or other person, may deposit checks, or other instruments of this Corporation for credit to the account of this Corporation, without signatures, and for the purpose of so doing, may endorse said instruments for such deposit, and nothing herein stated shall be construed to the contrary. This resolution shall be binding on this Corporation unless and until and from such time only as another resolution shall be duly adopted by this Corporation which shall change the effect hereof and the receipt of a true copy of such new resolutions shall be duly acknowledged in writing by the executive officer in charge of the bank. This written acknowledgment shall constitute the only competent and admissible evidence of such receipt in any instance wherein the Corporation may claim such new resolution to have been adopted and received by the bank and deny authority of any officer or officers designated in the original resolution and certificate furnished the bank.'

"The resolution was dated September 9, 1947, and was in effect at the time that De Mott deposited the check to his account. There is a notation upon the certificate and resolution filed with the bank to the effect that all checks of the corporation over the amount of $500 must be signed by any two of the following: J. R. Zelenka; A. De Mott; E. Foster. The check was in fact signed by J. R. Zelenka and E. Foster.

"At the time of the transaction Zelenka was president-treasurer and was the owner of 343 shares of stock. Armand De Mott was the vice-president and secretary and held 342 shares of stock. Zelenka, De Mott and James De Mott comprised the board of directors. James De Mott held one share of stock.

"The substance of the matter before me revolves around the question of whether title to the negotiable instrument passed from the Amity Manufacturing Corporation to Armand De Mott and subsequently to the defendant bank in such a manner as to constitute the defendant bank the legal holder of the check in issue.

■ "It is well settled, of course, that the plaintiff, receiver for the Amity Manufacturing Corporation, stands in the shoes of the aforesaid corporation and has no greater right than the corporation itself. *Cohen v. Miller,* 5 *N. J. Super.* 451 (*Ch. Div.* 1949).

■ ■ "Counsel for both plaintiff and defendant in their briefs admit, as is the case, that a corporation has the general power to make and endorse negotiable paper, *Fifth Ward Savings Bank v. First National Bank,* 48 *N. J. L.* 513 (*E. & A.* 1886), and a corporation, however, must act through an officer, employee or other agent who may have the express or apparent authority to endorse checks payable to the corporation. Whether or not this authority has been given is a matter within the law of agency. *Krueger v. Vogel's Farm, Inc.,* 15 *N. J. Misc.* 209 (*Sup. Ct.* 1937). The endorsement of a negotiable instrument by an officer, employee or other agent of a corporation who is not empowered to make or endorse commercial paper is in effect the equivalent of a forged making or endorsement which does not pass title to the instrument in question. See, *Teas v. Third National Bank & Trust Co.,* 125 *N. J. Eq.* 224 (*E. & A.* 1939); *Passaic-Bergen Lumber Co. v. U. S. Trust Company,* 110 *N. J. L.* 315 (*E. & A.* 1933).

[4, 5] "The business of a corporation is managed by its board of directors. As a general rule a corporation may only act through its board. *Blauvelt v. The Citizens Trust Co.,* 3 *N. J.* 545 (*Sup. Ct.* 1950); *R. S.* 14:7–1. In the instant case there is the question of whether the board of directors of the Amity Manufacturing Corporation had empowered certain persons to endorse checks payable to the corporation. It is admitted that the board of directors did on September 9, 1947, empower any two of the following: J. R. Zelenka, president-treasurer, Armand De Mott, vice-president-secretary, and E. Foster, authorized signature, to do certain acts with regard to checks over the amount of $500. The resolution setting forth these acts was filed with the defendant bank and was relied upon by the defendant bank in its acceptance of the check in issue After a careful reading of the resolution which is set forth above it is my opinion that this resolution em-

powered the Amity Manufacturing Corporation to deposit its funds in the defendant bank; it empowered the authorized persons mentioned therein to draw checks upon these funds; it further empowered these persons to make checks, to collect checks, to discount them, to negotiate them, to endorse them, to assign them and to deposit them. It is apparent from a full reading of the resolution that it is not restricted to authorizing the corporation involved merely to open a bank account, nor is it restricted to endorsements of checks payable to the corporation for deposit alone. This is apparent from the resolution itself and especially that sentence which permits checks of the corporation to be deposited without any endorsements whatsoever. Furthermore the types of checks referred to in the resolution are not limited to checks made by the corporation. The resolution clearly states that the checks referred to therein may be checks made by the corporation or they may be checks payable to the corporation. The persons authorized to do all of the acts contained in the resolution including the power of endorsement were Zelenka, De Mott and Foster, that is any two of them where the check was over $500. The endorsement on the check involved here in the first instance was 'Pay to order of Armand De Mott, Amity Manufacturing Corporation by J. R. Zelenka, President, Edward Foster, Authorized Signature.' In my opinion there was ample power on the part of these two persons to negotiate or tranfer by endorsement any checks made payable to the corporation. This distinguishes the instant case from the cases of *Teas v. Third National Bank & Trust Company*, 125 *N. J. Eq.* 224 (*E. & A.* 1939); *Singer & Co. v. Citizens National Bank and Trust Company of Englewood*, 111 *N. J. L.* 199 (*Sup. Ct.* 1933); affirmed, 112 *N. J. L.* 497 (*E. & A.* 1934); *Passaic-Bergen Lumber Co. v. United States Trust Co.*, 110 *N. J. L.* 315 (*E. & A.* 1933); and *Economy Auto Supply. Co. v. Fidelity Union Trust Company*, 105 *N. J. L.* 206 (*E. & A.* 1928), which cases are relied upon by the plaintiff.

"In all of these cases the question, as it is here, was whether or not there was power in the person who in fact endorsed, to endorse the commercial paper there concerned.

"In the case of *Economy Auto Supply Co. v. Fidelity Union Trust Co.,* 105 *N. J. L.* 206 (*E. & A.* 1928), it was proven that the resolution in question empowered the treasurer of the corporation involved to endorse checks where in fact the check had been endorsed by the president. Here the check was endorsed by the very persons authorized in the resolution. The instant case is not one of the apparent or implied authority but express authority given by the board of directors as revealed in the resolution filed with the defendant bank. The following cases are indicative of the great weight which is attached to corporate resolutions: *Passaic-Bergen Lumber Co. v. United States Trust Co.,* 110 *N. J. L.* 315 (*E. & A.* 1933); *Krueger v. Vogel's Farm, Inc.,* 15 *N. J. Misc.* 209 (*Sup. Ct.* 1937); also see 7 *Fletcher Cyc. Corps.,* § 3039.

[6] "The contention of the plaintiff that the defendant bank failed to make proper inquiry as to the authority of the officers and the transaction in question is not sound. The bank had in its file the corporate resolution which as we have seen empowered Zelenka and Foster to endorse checks payable to the order of the corporation. It is not perceivable as to what better source would be available to the bank other than a corporate resolution.

██ "Although plaintiff states in his brief that the defendant bank was under a duty to inquire as to the nature and character of the transaction itself, which was the sale of De Mott's stock to the corporation, he cites no authority. My own examination of the cases on this point leads me to the conclusion that assuming the necessity of inquiry, the bank satisfied this necessity by consulting the corporate resolution which expressed the agency of Zelenka and Foster to endorse negotiable instruments. *Cf.: Slavin v. Passaic National Bank and Trust Co.,* 114 *N. J. L.* 341 (*E. & A.* 1935); *Singer & Company v. Citizens National Bank & Trust Company of Englewood,* 111 *N. J. L.* 199 (*Sup. Ct.* 1933); affirmed, 112 *N. J. L.* 497 (*E. & A.* 1934); *Passaic-Bergen Lumber Co. v. United States Trust Company,* 110 *N. J. L.* 315 (*E. & A.* 1933); *Dennis Metal Manufacturing Co. v. Fidelity Union Trust Company,* 99 *N. J. L.* 365 (*Sup. Ct.* 1924). In these

cited cases and others, the inquiry demanded, in an endorsement of the kind in the instant case, was as to the corporate agent's authority to endorse for the corporation. I find no case in point and none has been called to my attention where there was a further duty upon the part of a holder of commercial paper to inquire into the internal affairs of a corporation in order to determine whether a transaction which on its face may be legal was in fact illegal because of the failure of the corporation to abide by a particular corporate law. It is not illegal *per se* for a corporation to purchase its own stock. *R. S.* 14:3–5. As we have noted, the transaction whereby De Mott received the corporate check was one in which he sold all the shares of stock which he owned in the corporation to the corporation. It would appear to be an undue burden, not contemplated by our law, to cause a holder of a commercial instrument to inquire into the method by which the transaction is completed, which would have been necessary here to determine the legality of the sale. *H. Horowitz, Inc., v. Weehawken Trust and Title Co.,* 10 *N. J. Misc.* 417, 418 (*Sup. Ct.* 1932) ; 10 *C. J. S.* 1116, § 506h.

■ "The complaint filed herein, although in one count, attempts to base its claim for relief upon two separate theories. The first is that there was no authority in Zelenka and Foster to endorse the check. This we have seen is not factually so. The filed resolution which stands uncontradicted is dispositive in that it reveals the power of these persons to transfer title to the check. The other theory appears to be that the defendant bank knew or ought to have known that the transaction by which the check was transferred constituted a breach of trust. See: *L. R. A.* 1915C, 518. There is no allegation that the parties conspired to defraud the Amity Corporation but there are the allegations that De Mott was an officer, a member of the board of directors, and that the defendant bank knew that the endorsement was an unlawful diversion of funds or could have discovered this by the exercise of reasonable care. With regard to this latter theory there are no facts at all to indicate that the defendant knew that the transaction was illegal or that a breach of trust was being committed. In the

absence of this the defendant bank was not bound to inquire whether the fiduciaries committed a breach of their obligation. *R. S.* 3:44-4; *H. Horowitz, Inc., v. Weehawken Trust and Title Co.*, 10 *N. J. Misc.* 417, 418 (*Sup. Ct.* 1932). Nor should we lose sight of the fact that the resolution empowered the corporate agents to transfer all checks whether made by or payable to the corporation and without limitation as to the persons to whom the said checks could be endorsed.

"If in fact there was an impairment of capital structure by the purchase of De Mott's stock and creditors were injured, plaintiff is not in a position to rectify the alleged illegal acts of the corporation as against this defendant who had no actual knowledge of the aforesaid illegality, or knowledge of facts from which it might be inferred that the transaction was illegal. The plaintiff's contention, in his brief, that the statute does not apply because the defendant bank admits that the proceeds of the instrument were used by De Mott to satisfy a personal obligation due and owing to the defendant bank, is not borne out by the facts. The factual matter before me reveals that De Mott had previously borrowed money from the defendant bank and secured the same by a mortgage. The check in issue was credited to De Mott's account on or about December 15, 1947. The first payment to the bank thereafter on the mortgage was on January 19, 1948, in the amount of $3,500. This is not the kind of payment contemplated by the statute.

"Armand De Mott having endorsed the check and transferred it to the bank, the defendant thereupon became a holder of said check. *National Bank of N. J. v. Berrall*, 70 *N. J. L.* 757 (*E. & A.* 1904); *Titus & Scudder v. Mechanics' National Bank*, 35 *N. J. L.* 588 (*E. & A.* 1871); *R. S.* 7:1-2. The defendant bank credited to the account of De Mott the sum of $30,000. The defendant bank by affidavit states that it had no knowledge of the facts of the transaction between the corporation and De Mott. No counter-affidavits have been filed by the plaintiff. It appears from the defendant's interrogatories and plaintiff's answers thereto and as stated above that the check was in fact endorsed to De Mott in consideration

for De Mott's sales to the corporation of the shares of stock which he held in said corporation. Assuming that said transaction was in fact illegal as between the corporation and De Mott, it is settled law that such illegality cannot be asserted against an innocent holder in due course. *Modern Industrial Bank v. Taub,* 134 *N. J. L.* 260 (*E. & A.* 1946); *National Bank of Republic v. Young,* 41 *N. J. Eq.* 531 (*E. & A.* 1886); *Blake v. Domestic Manufacturing Co.,* 64 *N. J. Eq.* 480 (*Ch.* 1903); *R. S.* 7:2–57.

"I conclude, therefore, that there was a valid transfer of title by the corporation to Armand De Mott upon the endorsement by their authorized agents, Zelenka and Foster, and that the blank endorsement by Armand De Mott and the delivery to the defendant bank, which accepted the check in good faith and without knowledge of any infirmity in the instrument, constituted the defendant bank a holder in due course under *R. S.* 7:2–52.

"The motion by the defendants for summary judgment against the plaintiff is accordingly granted."

*Mr. John B. Molineux* argued the cause for the appellant (*Mr. Douglas M. Hicks,* attorney).

*Mr. Arthur J. Sills* argued the cause for the respondent (*Mr. David T. Wilentz,* attorney).

PER CURIAM. The judgment is affirmed for the reasons expressed in the opinion of Judge Cleary in the court below.